El Pueblo, Demandante y Apelado *v.* Alonso, Acusado y
Apelante.

Apelación procedente de la Corte de Distrito de San Juan,
Sección 2ª., en causa por delito de infracción de la Ley
de Arbitrios.

No. 1163.—Resuelto en mayo 4, 1917.

Acusación—Examen de los Testigos por el Fiscal—Defecto Sustancial.—La
falta de expresión de que los testigos han sido examinados por el fiscal no
constituye un defecto que perjudique sustancialmente los derechos del acu-
sado debiendo alegarse la omisión antes en la corte inferior para que pueda
ser considerada en grado de apelación.

Infracción de las Leyes de Rentas Internas—Ventas de Cigarros Sin Li-
cencia—Falta de Anotación en el Libro de Existencias.—Una acusación
que imputa al acusado que ilegal, voluntaria y maliciosamente, tenía en su
establecimiento comercial un número de tabacos elaborados, que es una mer-
cancía sujeta a impuesto por la ley, sobre la cual no se había pagado el corres-
pondiente impuesto, ni se le había dado entrada en el libro de rentas de existen-
cias del fabricante con licencia, está claramente comprendida en la sección
22 de la ley titulada ''Ley para enmendar el Capítulo II, Título IX del
Código Político, y para derogar ciertas secciones del Código Penal y para
otros fines,'' aprobada en marzo 9 de 1905, según quedó enmendada por la
Ley No. 55 de marzo 9, 1911.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Texidor* y *Martínez Alvarez*.

Abogado del apelado: *Sr. Salvador Mestre, Fiscal*.

El Juez Presidente Sr. Hernández, emitió la opinión
del tribunal.

El presente es un recurso de apelación contra sentencia
que en 16 de diciembre de 1916 dictó la Corte de Distrito de
San Juan, Sección 2ª., declarando culpable al acusado Blas
Alonso del delito de infracción a la ley sobre arbitrios y con-
denándolo a $100 de multa o un día de cárcel por cada dólar
de dicha multa.

Funda el apelante su recurso: 1º., en que la acusación
no expresa según ordena el artículo 72 del Código de Enjui-
ciamiento Criminal, que los testigos han sido examinados por
el Fiscal; 2º., en que la acusación tal como está redactada
no contiene los hechos necesarios para determinar la exis-

tencia del delito público imputado al acusado tal como lo define la sección 22 de la ley sobre la materia.

En cuanto al primer motivo alegado, ya hemos dicho repetidas veces que la falta de expresión de que los testigos han sido examinados por el Fiscal no constituye un defecto que perjudique sustancialmente los derechos del acusado y que semejante omisión debe alegarse antes en la corte inferior para que pueda ser considerada en grado de apelación. Esa condición no concurre en el presente caso. *El Pueblo v. Acosta,* 8 D. P. R. 588; *El Pueblo v. Aponte et al.,* 9 D. P. R. 383; *El Pueblo v. Rivera,* 9 D. P. R. 439; *El Pueblo v. Alomar,* 10 D. P. R. 297; *El Pueblo v. Rodríguez,* 12 D. P. R. 181; *El Pueblo v. Ayala,* 13 D. P. R. 200; y *El Pueblo v. Morales (a) Yare Yare,* 14 D. P. R. 235. Véanse además los casos de *El Pueblo v. Girón* (pág. 36) y *El Pueblo v. París,* (pág. 111).

Por lo que atañe al segundo motivo, la acusación muestra que "Blas Alonso, allá el día 14 de enero, 1916, en Santurce, que forma parte del distrito judicial de San Juan, ilegal, voluntaria y maliciosamente, tenía en su establecimiento comercial un número de tabacos elaborados, que es una mercancía sujeta a impuesto por la ley, sobre la cual no se había pagado el correspondiente impuesto, ni se le había dado entrada en el libro de rentas de existencias del fabricante con licencia."

La sección 22 de la ley titulada "Ley para enmendar el Capítulo II, Título IX del Código Político, y para derogar ciertas secciones del Código Penal y para otros fines," aprobada en marzo 9, 1905, quedó enmendada por la Ley No. 55 de marzo 9, 1911, en los siguientes términos:

"Toda persona que posea o tenga en su establecimiento comercial * * * cualquier mercancía sujeta a impuesto por esta ley, sobre la cual no se ha pagado el impuesto, excepto la mercancía a la cual se le haya dado entrada en el libro de rentas de existencias del fabricante con licencia, será culpable de delito menos grave (*misdemeanor*), y castigada por la primera falta así cometida con

multa que no baje de $100 ni exceda de $500, o con prisión por no menos de un mes ni más de un año  *  *  *.''

Basta la lectura de la acusación para deducir sin gran esfuerzo mental que los hechos en ella relatados están claramente comprendidos en la sanción penal que dejamos transcrita.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.